UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

JAMES E. WOLEVER &
MANDY WOLEVER,                                  :
                                                :
    Plaintiff(s)                              :
v.                                              :     Case No.
                                                :     Jury Trial Demanded
MAIN STREET ACQUISITION CORPORATION

    Defendant(s).
_____/

## COMPLAINT

Plaintiffs, James and Mandy Wolever, by and through their attorney, the Law Offices of Nicholas A. Reyna P.C., alleges the following:

### Nature of Action

1. Plaintiffs bring this action against the Defendant seeking damages and equitable relief, to redress the Defendant's systemic violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, violations of the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq*, and the Michigan Occupational Code, M.C.L. § 339.901 ("MOC"). The Plaintiffs are consumers who entered into credit sales with a local car dealer for the purchase and financing of a motor vehicle. This transaction involved an extension of credit by the dealer, the initial creditor (Triad Auto Loan), thus constituting a retail installment sale governed by MCL 445.851.

### Parties

2. Plaintiffs James and Mandy Wolever ("Plaintiffs") are citizens of Michigan residing in Crystal, Michigan.

1

3. Defendant Main Street Acquisition Corporation ("Defendant") Main Street Acquisitions ("Defendant") is a Nevada-based Domestic Corporation whose Registered Agent is Legal Services LTD located at 112 North Curry Street in Carson City, Nevada 89703.  The Defendant uses interstate commerce and the mails in a business whose principal purpose is the collection of debt.  The Defendant regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another.  The Defendant is a "debt collector" as the term is defined and used in the FDCPA

4. During all times pertinent hereto, the Defendant and/or its' representatives directly and indirectly participated in efforts to collect alleged debts from the Plaintiffs and presumably others as stated below in this complaint.

5. The Defendant is a collection agency operating as a "Debt Collector as that term is defined by 15 U.S.C. 1692a(6).

## Jurisdiction and Venue

6. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §§ 1331 and 1337.  This Court has supplemental jurisdiction regarding the Plaintiff's state law claims under 28 U.S.C. § 1367.  Venue in this jurisdiction is proper because the Defendant transacts business here, the pertinent events took place here, and the Plaintiff resides here.

## Factual Background

7. On or around October 12, 2007, an auto loan was specifically requested by co-Plaintiff James Wolever for a 2005 Jeep Liberty, which was later transferred to Santander Consumer USA Inc.  The initial transaction represented a "credit sale" for the purchase

and financing of goods governed by Michigan's Retail Installment Sales Act (MCL § 445.851).

8. The Plaintiffs last made a payment on the relevant account at some point in February of the year 2008; following this delinquency, the subject vehicle was subsequently repossessed and sold, leaving a purported deficiency balance. Upon information and belief, whenever a party such as the Plaintiffs default on their obligations, it results in repossession by the Defendant who as a secured creditor then goes on to sell the relevant collateral.

9. The account was later purportedly sold and assigned to the Defendant.

10. The debt purportedly owed by the Plaintiffs was related to personal, family or household purposes and is therefore representative of "consumer debt" as that term is defined by 15 U.S.C 1692a(5).

11. On or around October 2, 2015, the Defendant filed a complaint in the 64(B) District Court of Michigan against the Plaintiffs (case number 15-1679) requesting judgment from the Plaintiffs in the amount of $7,033.17 *(see Exhibit A)*.

12. On or around December 1, 2015, the Plaintiffs filed a Motion to Dismiss the Defendant's case in the matter due to the fact that the last payment on the account at issue was made more than six years prior to the date of the filing of the originating complaint; as a result, the filing of the complaint was effectively in contravention of MCL 440.2725 which provides that specific to the sale of goods in Michigan, an action for breach of any contract for sale must be commenced within four years after the case of action accrued. Aside from that, it remains the Defendant's steadfast contention that the last payment on the account at issue was made more than six years prior to the date of the filing of the

3

originating complaint and as a result the filing of the complaint was also effectively in contravention of MCL 600.5807(8), which holds that the period of limitations is six (6) years for actions to recover damages or sums due for breach of contract. In addition, pursuant to MCL 600.5831, in actions brought to recover the balance due upon a mutual and open account current, the claim accrues at the time of the last item proved in the account. *Fisher Sand & Gravel Co v Neal A Sweebe, Inc*., 293 Mich App 66; 810 NW2d 277 (2011).

13. On or around January 5, 2016, an order was entered by Honorable Donald T. Hemingsen in the above-referenced matter granting the Plaintiffs' Motion to Dismiss for the reason that the Defendant did not (and presumably could not) provide proof of any payments within the requisite statutory period. The Defendant's complaint was dismissed with prejudice as a result (*see Exhibit B*).

14. The Plaintiffs continue to insist that the last payment on the account at issue occurred at least six years prior to the filing of the Defendant's underlying complaint against them *(see Exhibit C)*.

15. The filing of a complaint based upon a "stale claim" is a deceptive and misleading use of the legal process to collect upon an otherwise unenforceable consumer debt, such being done in contravention of the FDCPA.

16. To determine whether the four year statute of limitations pursuant to MCL § 440.2725 or the six year statute of limitations under MCL § 600.5807(8) applies to a specific "stale" claim, the Court looks to the "true nature" of the claims, not the label applied to them. *Adams v. Adams*, 742 N.W.2d 399, 403 (Mich. Ct. App. 2007). The type of interest allegedly harmed is the focal point in determining which limitation period

controls; it is also well-settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Id.* (quoting *Simmons v. Apex Drug Stores, Inc.* 506 N.W.2d 562, 564 (Mich. Ct. App. 1993)). More specifically, previous courts have held that a deficiency action arising out of a security agreement related to the sale of a motor vehicle is subject to the statute of limitations in the UCC. *First of America Bank v. Thompson,* 552 N.W.2d 516 (Mich. Ct. App. 1996). Such an action, "although arising from both a sale of goods and a secured transaction," is subject to the UCC because it "relates primarily to the sales aspect of the transaction." *Id.*

17. The Fair Debt Collection Practices Act ("FDCPA") is a consumer protection statute that "imposes open-ended prohibitions on false, deceptive, or unfair debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587. 130 S.Ct. 1605, 1615 (2010).

18. The Fair Debt Collection Practices Act states that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

19. The FDCPA states that it is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt. 15 U.S.C. §1692e(2)(A).

20. The FDCPA states that it is unlawful for a debt collector to take any action which it cannot legally take in connection with a particular debt. 15 U.S.C. § 1692e(5).

21. The FDCPA states that it is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false. 15

U.S.C. § 1692e(8).

22. The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

23. The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

24. The Defendant violated the FDCPA, 15 U.S.C. §§ 1692e and 1692e(2)(A), (8), and (10), and 1692f(1). See, e.g., *Watkins v. Peterson Enterprises, Inc.*, 57 F.Supp.2d 1102 (E.D. Wash. 1999).

25. The FDCPA is a strict liability statute and thus proof of <u>one</u> violation thereof is sufficient to support a finding of summary judgment in favor of a Plaintiff. *Cacace v Lucas,* 775 F. Supp. 502, 505 (D. Conn. 1991). Moreover, a plaintiff in such instances does not need to prove knowledge or intent. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011). The Plaintiff also does not have to have suffered actual damages. *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 437 (6th Cir. 2008).

26. The described acts and omissions of the Defendant were done in connection with efforts to collect an alleged debt from the Plaintiffs, such having been done intentionally and willfully.

27. The Defendant intentionally and willfully violated the FDCPA

28. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered a substantial and unjustifiable financial loss.

29. As a further direct and proximate result of the Defendant's negligence, the Plaintiff has sustained consequential damages, including attorney fees and legal expenses.

### Conclusions of Law

30. The collection actions taken against the Plaintiff by the Defendant violated numerous provisions of the FDCPA.

31. The detailed conduct by the Defendant in attempting to collect a debt was barred by the applicable statute of limitations given the debt's "stale" nature, and these actions were as a result violations of both the FDCPA and MCPA.

32. This Circuit has previously held that the omission of the bona-fide error defense in this state but otherwise available as an affirmative defense in other jurisdictions, thereby allowing debt collectors to show that their violation was unintentional, signifies Michigan's specific intent to avoid absolving debt collectors of liability, even for unintentional mistakes. *Gamby v. Equifax Information Services, LLC*, 2010 U.S. Dist. Lexis 1157, 1165 (E.D. Mich. Jan. 7, 2010).

### COUNT I- VIOLATION OF 15 U.S.C. 1692

33. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

34. The foregoing acts and omissions of the Defendant and their agents constituted numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with

respect to the Plaintiff.

35. The Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means in initiating a lawsuit on a stale debt which it possessed no legal standing to file from the outset.

36. The Defendant further violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means by initiating a lawsuit against the Plaintiffs pursuant to a "stale" debt whose collection was barred by the applicable statute of limitations, and by subsequently misrepresenting the exact amount owed by the Plaintiffs since the Plaintiffs in fact owed nothing.

37. The Defendant violated 15 U.S.C. § 1692e(2)(A) by using a false representation of the amount of the debt for the foregoing reasons.

38. The Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect the debt at issue for the foregoing reasons.

Each violation of the MCPA by the Defendant as outlined in this Complaint is likewise a violation of 15 U.S.C. § 1692f as an "unfair or unconscionable means to attempt to collect a debt."

39. Each violation of the MOC by the Plaintiff as outlined in this Complaint is likewise a violation of 15 U.S.C. § 1692f as an "unfair or unconscionable means to attempt to collect a debt."

40. The United States Supreme Court has affirmed that "to collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." *Heintz v. Jenkins*, 514 U.S. 291, 294; 115 S.Ct. 1489 (1995). In this instance, the Plaintiff filed a lawsuit based upon on a clearly-established stale debt

through legal proceedings that fell clearly in line with the above-referenced definition of debt collection.

41. According to the Sixth Circuit, "court filings can be a threat under the FDCPA…the fact that the threat appears in a lawsuit or other court filing does not diminish the threatening nature of the communication for purposes of the FDCPA." *Currier v. First Resolution In. Corp.*, 762 F.3d 529, 535 (6th Cir. 2014).

42. This jurisdiction is reliant upon the "least sophisticated debtor" standard to determine whether a communication might effectively deceive an unsophisticated consumer under 15 U.S.C. 1692. *Smith v Computer Credit*, 167 F.3d 1052 (6th Cir. 1999). More specifically, "the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Federal Trade Commission v Standard Education Society*, 302 U.S. 112, 116, 50 S.Ct. 113, 115, 82 L.Ed. 141 (1937). It seems sensible to suggest that attempts such as those by the Defendant in this case to collect upon a stale debt which the Plaintiffs were not legally required to repay by filing legal action against the Plaintiffs would certainly possess the potential to confuse less sophisticated Debtors such as the Plaintiffs in this instance, which it in fact did.

43. Contact between a debt collector and a debtor violates the FDCPA if it explicitly or implicitly represents that the debt collector can sue on a debt when it cannot do so. *Kimber v Federal Fin. Corp*., 668 F. Supp. 1480, 1489 (M.D. Ala. 1987). Federal and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§1692e and 1692f. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir.

2013). Indeed, this is an instance of a creditor not only explicitly threatening a lawsuit which could not have been filed due to the stale nature of the debt, but indeed utilizing legal process to attempt such collection. As such, the contact clearly violated the FDCPA for the foregoing reasons.

44. Courts in similarly-styled cases have specifically reasoned that the FDCPA outlaws "state suits to collect consumer debts" as unfair because (1) few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts and would therefore unwittingly acquiesce to such lawsuits; (2) the passage of time…dulls the consumer's memory of the circumstances and validity of the debt; and (3) the delay in suing after the limitations period heightens the probability that the debtor will no longer have personal records about the debt. *Phillips*, 736 F.3d at 1079.

45. Courts in other similarly-styled cases have likewise held that such limitations periods represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time because "the right to be free of stale claims…comes to prevail over the right to prosecute them." *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 356-57 (1979).

46. For a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden v Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). Obviously, the collection letter forwarded to the Plaintiff by the Defendant possessed one singular, animating purpose- to induce payment by the Plaintiff.

47. Generally, the FDCPA permits recovery of actual damages for emotional

distress. More specifically, pursuant to 15 U.S.C. § 169k(a)(1), "any debt collector who fails to comply with the FDCPA with respect to any person is liable to such a person in an amount equal to the sum of…any actual damages sustained by such person as a result of such failure." Commentary to the FDCPA goes on to state that such actual damages for FDCPA violations include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress," as well as "out-of-pocket" expenses." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13 1988). See also *Beeker v. Montgomery, Lynch*, 2003 WL 23335929 at 2 (N.D. Ohio) (FDCPA permits recovery of actual damages for emotional distress).

48. Districts within the Sixth Circuit including the Northern District of Ohio have concluded that the FDCPA does not require a plaintiff to satisfy the state law elements of intentional or negligent infliction of emotional distress to recover actual damages for such under 15 U.S.C. § 1692k(a). *Id* at 2. See also *Minick v. First Federal Credit Control, Inc*. 1981 U.S. Dist. LEXIS 18622, at 3-4 (N.D. Ohio). "Actual damages for emotional distress can be proved independently of state law requirements" for intentional or negligent infliction of emotional distress. *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 188 (D. Del. 1991). In addition, courts have previously concluded that a party may prove actual damages for emotional distress purely through his or her own testimony. *Wantz v. Experian Information Solutions*, 386 F.3d 829, 834 (7th Cir. 2004).

49. Moreover, under the FRCA, actual damages may include economic damages and damages for "humiliation and mental distress." *Bryant v. TRW, Inc.,* 487 F. Supp. 1234, 1239-40 (E.D. Mich. 1980). The court in that instance instructed the jury to consider mental anguish, embarrassment, and humiliation in determining the proper

11

measure of actual damages to award the victim of a FRCA violation. *Id* at 1239. Such is particularly important given that the damages standard under the FRCA has been looked to when determining the appropriate standard under the FDCPA. *Smith* at 187.

50. The sustained efforts to collect an amount from the Plaintiff which she was not required to repay caused her humiliation and distress.

51. As an actual and proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, anxiety, for which the Plaintiff should be compensated in an amount to be established by jury and at trial.

52. As a result of each of the Plaintiff's violations of the FDCPA, the Defendant is specifically entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Plaintiff.

## **COUNT II- VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

53. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

54. The Defendant represents a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

55. The Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

56. The Defendant's foregoing acts in attempting to collect the alleged debt at issue violated MCL § 339.915e, which prohibits a Licensee from "making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt

or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt."

57. The Defendant's foregoing acts in attempting to collect this alleged debt violated MCL 339.915f, which prohibits a Licensee from "misrepresenting in a communication with a debtor any of the following: (i) the legal status of a legal action being taken or threatened and/or (ii) the legal rights of the creditor or debtor."

58. The Defendant violated M.C.L. 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

59. The Defendant's violations of the Michigan Occupational Code were willful given the clear and unmistakable knowledge they had of the status of the debt.

60. As an actual and proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, anxiety, loss of sleep and suffering, not to mention causing counsel for Plaintiff-Debtor unnecessary additional work by having to deal with the situation, for which the Plaintiff should be compensated in an amount to be established by jury and at trial.

61. More specifically, due to the Plaintiff's willful violations of the MOC, the Defendant is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916.

## **COUNT III- VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT**

62. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

63. The Defendant represents a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

64. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

65. Generally speaking, "the Michigan Collection Practices Act prohibits abusive collection efforts…with respect to obligations arising out of a 'purchase made primarily for personal, family, or household purposes." *Levant v. Am. Honda. Fin. Corp.*, 356 F. Supp. 2d 776, 782 (E.D. Mich. 2005).

66. The Defendant's foregoing acts in attempting to collect this alleged debt violated MCL 445.252e, which prohibits a Regulated Person from "making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt." The Defendant initiated collection specific to debt owed by the Plaintiff which it had not standing to pursue given the "stale" nature of the debt.

67. The Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252f, which prohibits a Regulated Person from "misrepresenting in a communication with a debt any of the following: (i) the legal status of a legal action being taken or threatened and/or (ii) the legal rights of the creditor or debtor."

68. The Defendant, specifically by way of the communications between its' agents and representatives and the Plaintiff, clearly misrepresented to the Plaintiff her legal rights.

69. Plaintiff has suffered damages as a result of these violations of the Michigan Collection Practices Act.

70. These violations of the MCPA were willful given the clear and unequivocal prior notice of the legal status of the debt at issue.

71. These violations of the MCPA were willful, and as a result the Defendant is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257.

## CONCLUSION

### COUNT I:  VIOLATIONS 15. U.S.C § 1692

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A)   Actual damages for Plaintiff pursuant to 15 U.S.C. §1692k(a)(1);

(B)   Statutory damages for Plaintiff pursuant to 15 U.S.C. §1692k;

(C)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

(D)   Such further relief as the court deems just and proper.


### COUNT II & III- VIOLATION OF MICHIGAN OCCUPATIONAL CODE AND MICHIGAN COLLECTION PRACTICES ACT

**WHEREFORE,** based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A)   Actual damages pursuant to M.C.L. 339.916(2);

(B)   Treble the actual damages pursuant to M.C.L. 339.916(2);

(C)     Statutory damages pursuant to M.C.L. 339.916(2); and

(D)     Reasonable attorney's fees and court costs pursuant to M.C.L. 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 26, 2016 | /s/ Nicholas Reyna |
|  | By: Nicholas Reyna (P68328) |
|  | Attorney for Plaintiff |
|  | 528 Bridge St., Ste. 1A |
|  | Grand Rapids, MI 49504 |
|  | (616) 235-4444 |
|  | Nickreyna7@Hotmail.com |